13-4383-cr
*United States v. Hobson*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand fourteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PIERRE N. LEVAL,
> PETER W. HALL,
> > *Circuit Judge*s.

---

JAMES D. HOBSON,

> *Defendant-Appellant*,

v.                                                  No. 13-4383-cr

UNITED STATES OF AMERICA,

> *Appellee*.

---

For Defendant-Appellant:          Melissa A. Touhey and James P. Egan, Federal Public Defenders

For Appellee:                             Lisa M. Fletcher and Paul D. Silver, *for* Richard Hartunian, United States Attorney for the Northern District of New York

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant James D. Hobson appeals from a November 6, 2013 judgment of conviction in the United States District Court for the Northern District of New York (Mordue, *J.*) following his guilty plea to one count of distribution of child pornography, one count of receipt of child pornography, and three counts of possession of child pornography. *See* 18 U.S.C. §§ 2252A(a)(2)(A), (5)(B). Hobson challenges the substantive reasonableness of his 151-month prison sentence, imposed by the district court after it calculated without objection a Guidelines range of 151 to 188 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a sentence for substantive reasonableness under a "deferential abuse-of-discretion standard," *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (citation and quotation marks omitted), and we will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions,' " *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (citing *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Hobson contends that his sentence is substantively unreasonable because the district court placed disproportionate weight on the severity of his offense and because it failed to consider mitigating factors in accordance with *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). The district court reviewed and considered the factors outlined in 18 U.S.C. § 3553(a), considering not only the mitigating evidence that Hobson set forth but also noting Hobson's 12-

2

year-long addiction to and expansive collection of child pornography, some depicting sadistic abuse of very young children. This was not an abuse of discretion. *See United States v. Brown*, 514 F.3d 256, 264, 270 (2d Cir. 2008) (no "robotic incantations" or "particular formula" required in considering section 3553(a) factors).

Equally meritless is Hobson's contention that the Guidelines' treatment of child-pornography offenses is irrational and therefore requires special consideration of mitigating factors. The Guidelines commentary acknowledges the limitations to which Hobson objects and suggests that a departure may be warranted in some circumstances. *See* U.S.S.G. § 2G2.2, comment. Hobson relies on *Dorvee* to argue that the district court failed to fully appreciate Hobson's mitigating factors, but that case is inapposite. *See United States v. Aumais*, 656 F.3d 147,157 (2d Cir. 2011) (noting that the problem identified by *Dorvee* was that the applied child-pornography enhancements resulted in a Guidelines range that at its low end was twenty-two months higher than the statutory maximum). Here, as in *Aumais*, the district court imposed a sentence at the low end of the Guidelines range, which itself was significantly below the statutory maximum penalty for his offense. This was not an abuse of discretion.

We have considered Hobson's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK